UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY L. CONLIN,

                                    Petitioner,

                -against-

UNITED STATES OF AMERICA,

                                    Respondent.

23-CV-3272 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Jeremy L. Conlin filed this *pro se* petition for a writ of *habeas corpus*, pursuant

to 28 U.S.C. § 2241. For the following reasons, this action is transferred to the United States

District Court for the Southern District of Texas.

## BACKGROUND

The following facts are drawn from the petition, attachments, and publicly available court

records. Petitioner appears to be challenging registration requirements imposed upon him in

connection with a sex offense conviction in Montgomery County, Texas.

Attached to the petition is part of a complaint filed by the Alliance for Constitutional Sex

Offense Laws ("ACSOL"), on behalf of the organization and individual plaintiffs, in *Doe v. U.S.

Dep't of Justice*, No. 22-CV-855 (C.D. Cal. filed May 3, 2022). Invoking the Administrative

Procedures Act, the *Doe* plaintiffs are challenging a 2021 Department of Justice ("DOJ") Rule

imposing new registration requirements for sex offenders under the Sex Offender Registration

and Notification Act ("SORNA").[1] *See* Registration Requirements Under the Sex Offender

Registration and Notification Act, 86 Fed. Reg. 69,856 (Dec. 8, 2021).

---

[1] The *Doe* plaintiffs allege that under the 2021 DOJ rule, individuals in California must
register as sex offenders, even though their convictions have been expunged, and they are no
longer required to register under state law. (ECF 1 at 6-29.) On January 13, 2023, the *Doe* court

In 2005, Petitioner pleaded guilty to a sex offense in Montgomery County, Texas, and he was sentenced to ten years in prison. *See Conlin v. Quaterman*, No. 07-CV-1578 (S.D. Tex. Sept. 30, 2008) (adopting report and recommendation, denying relief under 28 U.S.C. § 2254, and denying a certificate of appealability), *aff'd,* No. 07-20730 (5th Cir. Aug. 7, 2009). Petitioner asserts that in May 2019, he was convicted of an unspecified crime in the United States District Court for the Western District of Texas, and sentenced to 8 months in prison, and 7 years of probation.[2] (*Id.* at 32.)

Petitioner provides a mailing address in Jerrell, Texas, but asserts that he is currently living in Maryland, "on [a] commuter basis to prevent any potential life threatening harm of vigilantes." (*Id.* at 31.) Petitioner appears to allege that his Texas conviction is "exempt" from SORNA's registration requirements, but that under the 2021 DOJ rule, he is now required to register. (*Id.*) Petitioner mentions that at an unspecified time, he was briefly employed in New York on a "temp" basis. (*Id.*)

## DISCUSSION

"For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).

Petitioner was convicted and sentenced in Montgomery County, Texas, and appears to be challenging registration requirements stemming from that conviction. Montgomery County is located in the United States District Court for the Southern District of Texas, *see* 28 U.S.C.

---

partially granted the plaintiffs' motion for a preliminary injunction. *Id.*, 2023 WL 2347428, at *3 (C.D. Cal. Jan. 13, 2023).

[2] The Court can find no record of that matter on Public Access to Court Electronic Records (PACER).

§ 124(b) Accordingly, the Court transfers this action to the United States District Court for the Southern District of Texas.

## CONCLUSION

The Clerk of Court is directed to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Texas. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.[3] No summons or order to answer shall issue from this court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 21, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[3] Petitioner did not pay the $5.00 fee to file a Section 2241 petition or file an application for leave to proceed *in forma pauperis* (IFP). The Court takes no position on whether Petitioner's filing should be adjudicated as a Section 2241 petition or construed in some other way.

3