UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY LEE CONLIN,

                Petitioner,

      -against-

UNITED STATES OF AMERICA,

                Respondent.

23-CV-3272 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner filed this *pro se* petition under 28 U.S.C. § 2241. By order dated April 21, 2023, the Court transferred this action, in the interest of justice, to the United States District Court for the Southern District of Texas.[1] (ECF No. 2.) On April 27, 2023, Plaintiff filed objections to the April 27, 2023, transfer order. (ECF 3.)

      Normally, the transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court, however, retains jurisdiction over the action if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995). Because Petitioner filed the motion challenging the April 21, 2023, transfer order before this action has been transmitted to the transferee court, this Court has jurisdiction to consider Plaintiff's motion.

      The Court liberally construes this submission as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.

---

[1] In the transfer order, the Court took "no position on whether Petitioner's filing should be adjudicated as a Section 2241 petition or construed in some other way." (*Id.* at 3.)

2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court grants the motion.

## DISCUSSION

**A.     Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

Petitioner filed this petition under Section 2241, purporting to challenge a new United States Department of Justice ("DOJ") rule[2] that changed registration requirements imposed upon

---

[2] *See* Registration Requirements Under the Sex Offender Registration and Notification

2

him in connection with a Texas state court sex offense.[3] Petitioner listed a Texas address in his complaint, claimed to be living in Maryland, as a "commuter . . . to prevent any potential life threatening harm of vigilantes," and further asserted that at an unspecified time, he was temporarily employed in New York. (*Id.*) Because Petitioner's filing failed to explain why he filed his petition in this District, the Court transferred this matter, in the interest of justice, to the United States District Court for the Southern District of Texas.

On April 27, 2023, Petitioner filed "objections" to the transfer order, alleging that "no Texas matters are litigated here," and he seeks to have this matter heard in either Maryland or New York. (ECF 3 at 1.) Petitioner clarifies that he seeks to challenge the enforcement of the new DOJ rule as applied to him in Maryland, where he currently resides. (*Id.* at 2.) Plaintiff also claims that because he is an "independent general labor contractor," there is "a possibility of working throughout the Tri-State Region," including New York, and that the new DOJ rule could theoretically also be imposed upon him in New York should he work in New York in the future.

In light of Petitioner's clarification that he is a resident of Maryland and seeks to challenge the imposition of the new DOJ rule upon him in that state, the Court grants Plaintiff's motion under Fed. R. Civ. P. 59(e).

The Court intends to transfer this matter to the United States District Court for the District of Maryland, which has a Northern Division and a Southern Division. *See* 28 U.S.C. § 100. Because Petitioner does not provide a Maryland address in his filing, however, it is not clear which Division would be the proper one to consider Petitioner's filing. Within 30 days from

---

Act, 86 Fed. Reg. 69,856 (Dec. 8, 2021).

[3] In his submission, Petitioner referenced a pending civil action challenging the new DOJ rule under the Administrative Procedures Act, *Doe v. U.S. Dep't of Justice*, No. 22-CV-855 (C.D. Cal. filed May 3, 2022) ( See Registration Requirements Under the Sex Offender Registration and Notification Act, 86 Fed. Reg. 69,856 (Dec. 8, 2021).

3

the date of this order, Petitioner must file a letter with the Court providing the county of his residence in Maryland. Once the Court receives Petitioner's amended pleading, the Court will issue an order transferring the matter to the correct district in Maryland.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF No. 3) is granted. The Court directs the Clerk of Court to vacate the transfer order and reopen this case. (ECF 2.)

Within 30 days from the date of this order, Petitioner must file a letter providing the county of his residence in Maryland. Once the Court receives Petitioner's amended pleading, the Court will issue an order transferring the matter to the correct district in Maryland. If Petitioner fails to comply, the Court will dismiss the matter without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 28, 2023
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge